

UNITED STATES DISTRICT COURT
FLORIDA DIVISION

JAY BRYANT GOREE   }
                   }
Plaintiff          }
                   }
Vs.                }         CIVIL ACTION NUMBER:
                   }
SOMERSET CONDOMINIUM NO. SIX, INC. ET AL  }         _____
INDIVIDUALLY , YVON COLLERETTE, LAURA     }
DANIELS, MICHEL CHASSE, ALEXIS ARIAS,     }
MICHEL LEFEBVRE,                          }
JACQUES TOUPIN, TOM BOEHM,                }
LMAN SALES & CONSULTING, INC.             }

Defendant(s)

_____/

## PLAINTIFF JAY GOREE COMPLAINT
## AND JURY DEMAND; INJUNCTIVE RELIEF SOUOHT

### NATURE OF ACTION

1. Plaintiff, Jay Bryant Goree an African American brings this action pursuant to 42 U,S.C. § 3614(~\) to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act 00988., 42 U.S.C. §§ 3601 lit seq. (the "Fair Housing Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 133] and 1345, and 42 U.S.C. § 3612(0) and 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred in this District and he property that is the subject of this action is located in this District.

4. **DEFENDANTS AND PROPERTY** Somerset Condominiums is a gated residential community in Lauderdale Lakes, Florida, located in Broward County. Somerset Condominiums have variety of sizes, and includes common areas such as a pool.

5. 5. The Condo;s at Somerset Condominiums are "dwelling[s]" within the meaning of the Fair

Housing Act, 42 U.S.C. § 3602(b).

6. Defendant Somerset Condominiums No. Six, Herein known as"Defendant HOA") is a not-for profit Florida corporation with its principal place of business in Lauderdale, Florida. Defendant HOA is a homeowners association that has been in existence since 1974 and is considered to be one of several phases and is managed by a Board of Directors ("Board) comprised of resident.~ of the Somerset Condominiums, Inc. No Six.  Defendant HOA is responsible, among other things, for establishing, modifying and enforcing the rules and policies at Somerset No. Six; reviewing and approving residential owners, leases,  and tenants; fixing, collecting and enfolding assessments and fines; hiring personnel and entering into agreements with contractors for the management and maintenance of Somerset Condominiums, prescribing their duties, and delegating appropriate authorities to the residents; and perfuming all other legal work as required by the Board and the Declaration for the HOA.

7. Duties of a homeowners association, as delineated in the applicable Declaration, Articles incorporation, and By-Laws. Defendant Vanguard Management Group, Inc. ("Defendant Vanguard") is a for-profit Florida corporation with its principal place of business in Tampa, Florida. Defendant Vanguard served as Property Manager at Somerset under contract with Defendant HOA at times relevant to this Complaint. As an agent of Defendant HOA, Defendant LMAN Sales and Consulting operated by owner, Yvon Collerette was from time to time responsible, among other things, for consulting with the board while Yvon Collerette was also reviewing and approving residential owners,  lease applications at Somerset No. Six, corresponding with owners and tenants regarding Somerset HOA on rules and policies, collecting and enforcing assessments and fines, making decisions concerning the management and maintenance of Somerset, and advising Defendant HOA and its Board regarding a wide variety of matters relating to the operation of Somerset.

8. **FACTUAL ALLEGATIONS** :

Plaintiff, Jay Bryant Goree applied for a mortgage with Cardinal Financial and was cleared to close. Defendants did not process Applicants HOA Application that Plaintiff completed and provided Somerset HOA with all of his personal information including a driver's license with Plaintiffs photo attached.  After about approximately one month, and no word from Somerset HOA, a call was made to them for the status of the application.  Yvon Correlette, President of Somerset HOA stated that he was awaiting a call from both  Realtor, and had not processed the application.  He further requested of the mortgage company an additional $150 to cover other fees.  The fee was in addition to the $150 application fee paid by the Plaintiff.  The Plaintiff sent an additional $150 at the request of the mortgage company who agreed to refund it at the closing.  The mortgage company stated that it was highly unusual for a HOA to request the fee prior to the closing, however, they would refund the fee at the closing.  When speaking with B. Stinson, Yvon Collerette explained that he had reservations about the Plaintiff's application and that he did not feel comfortable since the Plaintiff was employed by Home Depot.  Not knowing B. Stinson's relationship with the Plaintiff, Yvon Collerette further explained that the additional funds to close may be from some type of illicit behavior.  B. Stinson telephoned Plaintiff and discussed the conversation in full detail.  She also took notes from the call.  B. Stinson was asked by Yvon Colleretee if she knew the Plaintiff and she stated no, that she was just assisting the mortgage company to get the loan closed.  Yvon Collerette  made several comments to one or more of the Realtor's about the Plaintiff and his occupation.  In emails and on telephone calls, one or more of the Defendants made derogatory comments about the Plaintiff.  In one incident, one or more of the Plaintiffs used foul language to explain their disdain for the FLSD Plaintiff.

9. In a zoom hearing, while interviewing the Plaintiff and discussing his application, one or more of the Defendants attacked the Plaintiff on the fact that the Buyers/Sellers agreement had changed from the original 5% to 25% and that he should have known that they did not have the latest version and after a few minutes of berating the Plaintiff, they ended the zoom hearing. Prior to ending the hearing, B. Stinson who assisted the Plaintiff ch8immed in on the zoom call to explain the new agreement. One or more of the Defendants accused her of "yelling" and she politely explained that she was talking loud because she was not used to a zoom hearing and apologized for any misunderstanding.

10. While on the zoom hearing, the Plaintiffs Realtor was called and explained during the call that their should have been a call to the buyers agent or the sellers agent and that the behavior was not appropriate. One or more of the board totally disagreed and stated that the Realtor did not know what she was doing. This constant betterment lasted for a few days toward just about every one involved. One or more of the Defendants demanded to know not only where the money was coming from the close on the property but also how the Plaintiff would be able to afford the cost of repairs needed for the actual unit. This lime of questioning was totally improper stated the reactors. Upon learning that a small percentage was a "gift" one or more of the Defendants stated to Plaintiff that the obligation was too large for him to partake and that maybe he should find another condo since there were thousands in Fort Lauderdale, Florida. This statement was also made to one or more of the reactors as to cast aspersions on the Plaintiffs character. One or more of the Defendants used phrases like, "those people", "his kind". Defendant Yvon Collerette told the group that he had to speak with the entire board before making a decision and that the decision was not his alone on whether or not to approve the Plaintiff.

11. After being provided with the DU (Desk Top Underwriting from the mortgage company who reiterated that the Plaintiff did have sufficient income to cover the mortgage and the HOA fees, and the final Buyer/Sellers Agreement, Somerset HOA denied Plaintiffs application. One or more of the board members refused to provide a copy of the HOA Declaration and also refuse to allow any Appeals process which both reactors had requested since the mortgage company had "cleared" the loan to close and the Plaintiff had paid more than $2,000 down, paid for an inspection of approximately $300 and paid for the HOA application fee of $150 and the additional fee of #150 that was requested from the Bank.

12. Plaintiff has reason to believe that after his photo was sent to Somerset HOA, they immediately concluded that he was not a viable applicant and failed to work on his behalf to get him immediately approved. He was berated and scolded he feels for being an African American.

13. Plaintiff, not wanting to lose his down payment, made every attempt to work with Somerset HOA to gain their approval. Mu5tltiple emails were sent using derogatory language towards the Plaintiff and his failure to act the way one should if they wanted approval. Plaintiff acknowledged that he was unfamiliar with the credit bureaus but would try to provide what ever else was needed to gain the approval of Somerset HOA.

14. Plaintiff began feeling discouraged by the constant embarrassment of one or more of the board members and has continued to suffer depression and loss of sleep from the grueling incident which both reactors concluded should not have gone the way that Somerset intended/ Plaintiff, an employee of Home Depot for approximately 15 years concluded that he felt that his race was

a central point of contentment with the Somerset HOA because of the repeated questioning about his finances and resources. The mortgage company indicated that they had also spoken with Somerset HOA and had indicated repeatedly that there we no issues with the Plaintiffs ability to pay the mortgage or the fees.

15. One or more of the Defendants knew or should have known that they were being discriminatory by utilizing phrases such as "his kind", "those people, and "their kind".

16. Defendants violated Plaintiffs Rights

17. Defendants knew or should have known that they were in violation of the Fair Housing Act.

18. Defendants permitted illegal discriminatory acts upon Plaintiff.

19. After repeated attempts to Appeal or resolve the situation so that Plaintiff would not lose his earnest monies nor the additional funds required to further the loan, Somerset failed to return phone calls, text messages and/or emails.

20. One of more of the Defendants continued to act in a discriminatory manner towards the Plaintiff.

21. Plaintiffs research and further investigation of Somerset HOA has led to additional complaints of discriminatory practices by Somerset HOA towards African American residents and applicants.

22. The Discriminatory facts of the Defendants were intentional, and willful.

23. Plaintiff has suffered injuries as a result of the Defendants behavior

24. Plaintiff disregarded numerous attempts from Somerset HOA to withdraw his application.

## COUNT 1

25. Plaintiff re-alleges claims from 1 to 24 an incorporates by reference, the allegations set forth in this complaint.

26. Defendants failed to take corrective measures and denied attempts by both Realtors for proof of the denial and provided a letter after one of the reactors suggested that the behavior may very7 well be illegal.

27. Defendants had the power to take corrective measures on their discriminatory conduct and failed to do so as they sought to hide evidence and provide immaterial information regarding the denial of the Plaintiffs application.

28. Defendants knew or should have know that they were involved in unlawful conduct on someone of a protected status

29. Defendant violated the 1968 Fair Housing Act

30. By the actions incorporated above, the Defendants have denied Plaintiff the right to purchase a property that was "clear to close" by the lender

31. Defendants have refused all request by Plaintiff to provide any and all documentations as to why he was denied or a letter stating that he had been denied, subsequently Defendants provided a copy of the letter to the sellers Realtor and to this date has not notified Plaintiff of the result and or why the denial

32. Plaintiff has made several attempts to contact Defendants to no avail

33. Defendants willful misconduct and violation of federal law must be punished or the Defendants will continue to take it upon themselves to discriminate on others

34. In a a conversation, one or more of the Defendants referred to the Plaintiff realtor as "colored" too which indicate a bias among the Defendants

35. One or more of the reactors indicated that the Defendants were questioning the Plaintiffs financials and questioned how he was able to obtain his down payment on as an employee of Home Depot

36. Defendants use of the words "colored" and "those people" and "his kind" clearly shows prejudices upion the basis of race

37. Defendants believing that they had too many of "those" people getting approved clearly shows the basis of Plaintiff denial

38. Defendants continually questioned the ability of the Plaintiff to pay HOA fees and questioned the income to make the necessary repairs to Unit 412 at Somerset

39. Defendants clear motive of bias and discrimination can be proven by emails, telephone calls and other written statements from witnesses that can corroborate Plaintiffs ascertions

40. Plaintiffs rights have been clearly been violated as stated by the Fair Housing Act through HUD 42 U.S.C. 3601 <u>et seg</u> and Title 8.

41. Defendants request for Plaintiff to withdraw his application shows a clear violation to deny and/or interfere with Fair Housing Rights

42. Defendants shared information with Realtor's that clearly confirmed the discriminatory practices of Somerset No. Six and its Board of Directors

43. Defendant is clearly a victim of an illegal housing practice based on race and color

44. Defendants sought to disguise their discrimination in other ways as to deny the Plaintiff his "Rights" to purchase a condo that he had been "cleared to close" on by the Lender

45. Defendants inaction on the HOA Application for months after receiving it shows that their intent was to deny Plaintiffs application and when it was obvious that the loan would move forward,

Defendants disguised their approval process as to deny Plaintiff home ownership while berating him to the Realtor.

46. Defendants indicated to Realtor's that there were more than a thousand other properties in the area and suggested that the Plaintiff looked elsewhere which clearly showed a lack of integrity and provided the basis for this complaint of discrimination by color and race.

47. Defendants actions shows intent to harm members of a Protected Class

48. Defendants denial of the Plaintiffs HOA application clearly indicates it's refusal to negotiate or allow Plaintiff to settle any issues that caused the denial.

49. Plaintiffs witnesses are clear that the Defendants not only intended to violate federal laws that prohibits discrimination but by furtherance of a "Plan B" should Plaintiffs Lender provided final approval of Plaintiffs loan for Unit 412 at Somerset No. Six.

50. Defendants have failed and neglected to exercise their affirmative and nondelegable duty under the Fiar Housing Act to assure compliance by their members of the Board of Directors to ensure that e4qual housing opportunity were afforded to Plaintiffs and has failed to carry out their lawful obligations under The Fair Housing Act.

51. Defendants, in concert, engaged in acts and practices which had the shear purpose of the effect of denying or abridging the right to equal housing opportunity protected by the Fair Housing Act.

52. Defendants acted in concert to deny Plaintiffs his Civil Rights as provided by the Fair Housing Act.

53. Defendants knew or should have known that their actions were illegal.

54. Defendant Yvon Correlette made statements that all other board members had made the same conclusion with regards to Plaintiffs HOA Application denial

55. Defendant Yvon Correlette acknowledged that he was not the only Board Member that had issues with "colored people".

56. Defendants acts of willful discrimination has harmed and continues to harm Plaintiff

**PRAYER AND RELIEF SOUGHT**

Plaintiff prays that this court grants an award of $500,000 in Compensatory damages and m

(a). An award of Punitive Damages in the amount of $250,000
(b). An additional award for Nominal Damages
(b). Civil Penalties on each of the Defendants
(c). Such additional relief as authorized by this court

(e) An award for emotional duress caused by the Defendants
(f). Injunctive Relief on other African American Applicants denied by Somerset HOA
(g). An injunction enjoining Defendants, their agents and their employees, successors and all persons in active concert or participation with any of them from future discriminatory practices as defined by The Fair Housing Act as identified herein, , Refusing to provide Application Approval on the basis of race or color, refusing to negotiate or by denying Applicants based on race or color, religion, sex or national origin, Representing to any person because of race, color, religion, sex or national origin that Application Approval for dwelling is not available when the Applicant has not been afforded due process.
(h). Interfering with or attempting to coerce any persons rights in the exercise of enjoyment of the right to equal housing opportunity protected by the Fair Housing Act of 1968

**JURY TRIAL**
Plaintiff demands a Jury Trial

Respectfully submitted,

_____, June 4, 2021
Jay Bryant Goree
Plaintiff

## VERIFICATION

I Jay Bryant Goree hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief. Executed in the state of Florida on:

Respectfully submitted,

_____, June 4, 2021
Jay Bryant Goree
Plaintiff

UNITED STATES DISTRICT COURT
FLORIDA DIVISION

| | |
|---|---|
| JAY BRYANT GOREE | } |
| | } |
| Plaintiff | } |
| | } |
| Vs. | }    CIVIL ACTION NUMBER: |
| | } |
| SOMERSET CONDOMINIUM NO. SIX, INC. ET AL | }    _____ |
| INDIVIDUALLY , YVON COLLERETTE, LAURA | } |
| DANIELS, MICHEL CHASSE, ALEXIS ARIAS, | } |
| MICHEL LEFEBVRE, | } |
| JACQUES TOUPIN, TOM BOEHM, | } |
| LMAN SALES & CONSULTING, INC. | } |

Defendant(s)

_____/

**CERTIFICATE OF SERVICE**

A copy of the above filing have been provided to all Defendants listed below with adequate first class postage affixed and through the Florida Secretary of State for Corporations.

**Entity Name: SOMERSET CONDOMINIUM NO. SIX, INC.**
**Florida Not For Profit Corporation**
**(Somerset Condominium Owners Association #6, Inc.)**
**(SCOA #6, Inc.)**

**Current Principal Place of Business:**
**2861 SOMERSET DRIVE**
**LAUDERDALE LAKES, FL  33311**

**Current Mailing Address:**
**2861 SOMERSET DRIVE**
**LAUDERDALE LAKES, FL  33311  US**

**FEI Number: 59-1579233**

**Name and Address of Current  Registered Agent:**
**Yvon Collerette**
**2861 Somerset Drive**
**Lauderdale Lakes, FL  33311  US**

**Officer/Director Service Details:**

| | |
|---|---|
| Title | President |
| Name | Yvon Collerette |
| Address | 2861 Somerset Drive #402 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Vice-President |
| Name | Michel Lefebvre |
| Address | 2861 Somerset Drive #315 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Secretary |
| Name | Laura Daniels |
| Address | 2861 Somerset Drive #103 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Treasurer |
| Name | Jauques Toupin |
| Address | 2861 Somerset Drive #404 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Board Member |
| Name | Michel Chasse |
| Address | 2861 Somerset Drive #205 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Director |
| Name | Alexis Arias |
| Address | 2861 Somerset Drive #401 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

| | |
|---|---|
| Title | Board Member |
| Name | Tom Boehm |
| Address | 2861 Somerset Drive #115 |
| City-State-Zip | Lauderdale Lakes, FL  33311 |

Title Board Member from:
SOMERSET CONDOMINIUM NO. SIX, INC.

Entity Name: LMAN SALES & CONSULTING, INC.
Florida Profit Corporation
FEI/EIN Number 45-5625780

Current Principal Place of Business:
2861 SOMERSET DRIVE
BLDG F #115
LAUDERDALE LAKES, FL 33311

Current Mailing Address:
2861 SOMERSET DRIVE
BLDG F #115
LAUDERDALE LAKES, FL 33311 US

Name and Address of Current Registered Agent:
Thomas Boehm, Jr.
2861 Somerset Drive
Bldg F #115
Lauderdale Lakes, FL 33311

SOMERSET CONDOMINIUM NO. SIX, INC.
C/O Florida Secretary Of State
500 South Bronough Street
Tallahassee, FL 32399


LMAN SALES & CONSULTING, INC.
C/O Florida Secretary Of State
500 South Bronough Street
Tallahassee, FL 32399



Respectfully submitted,

_____, June 4, 2021
Jay Bryant Goree
Plaintiff